## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT C. BURNS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FEDERATED MUTUAL INSURANCE; )<br>WALTHERS OIL COMPANY INC.,a )<br>Kansas corporation; DAVID D. )<br>WALTHERS; and KATHERINE A. )<br>HUTCHINSON, Special Administrator of )<br>the estate of Loren Q. Head, deceased, )<br>)<br>Defendants. ) | Case No. 06-1188-WEB |

ROBERT C. BURNS,                              )
                                              )
          Plaintiffs,                         )
                                              )
v.                                            )          Case No. 06-1188-WEB
                                              )
FEDERATED MUTUAL INSURANCE;                   )
WALTHERS OIL COMPANY INC.,a                   )
Kansas corporation; DAVID D.                  )
WALTHERS; and KATHERINE A.                    )
HUTCHINSON, Special Administrator of          )
the estate of Loren Q. Head, deceased,        )
                                              )
          Defendants.                         )

MEMORANDUM AND ORDER

Now before the Court is Defendant David D. Walthers' (Walthers) motion for judgment on

the pleadings under Fed. R. Civ. P. 12(c).  Plaintiff has alleged various claims and asserts

jurisdiction under 28 U.S.C. § 1332.  Defendant seeks judgment as a matter of law on all of

Plaintiff's claims against Walthers individually.  These claims include: negligent hiring and

retention of an employee, negligent securing of the vehicle; negligent maintenance of the vehicle;

negligence under respondeat superior, and punitive damages.

I. Nature of the Case

1.  On or about the 16th day of June, 2005, Jordan C. Popelka, deceased (Popelka) was

driving a motor vehicle on 260 Road at or near Lincoln Road in Republic County, Kansas and was

traveling southbound.  Loren Q. Head, deceased, (Head) was on the same road headed northbound

when he negligently and carelessly crossed the center line, thereby proximately causing a collision

and injury and damages to Robert E. Burns (Burns).  Burns was a passenger in the vehicle being driven by Head.  (Doc. 1 ¶ 8).

2.  Walthers Oil Company, Inc. (Oil Company) hired Head as a mechanic to work on its vehicles, tractor-trailers, and in its farming operations.  As such,  Head needed to use company vehicles to work on farm equipment, vehicles, tractors, tractor-trailers, and other machinery owned by Oil Company.  The Ford Ranger was provided to Head so that he would be able to meet these tasks of his employment.  (Id. ¶ 23).

3.  David D. Walthers is a Director, Officer, and employee of Oil Company.  As such he has both expressed and implied agency to act on behalf of Oil Company.  (Id. ¶ 30).

4.  The Ford Ranger was owned and operated by Oil Company.  (Id. ¶ 16).

5.  In the month prior to the date of accident on several, but not all days, Head was using the Ford Ranger with permission of David Walthers and Oil Company. (Id. ¶ 9).

6.  Head was given permission by David Walthers and Oil Company to drive the company owned 1985 Ford Ranger for personal use including, but not limited to travel to his home in Cuba, for personal errands, for travel in the county area, and to work at a bar and restaurant that he and his wife, Lisa Head, operated in Narka, Kansas.  He was further given permission by defendants to use this vehicle to get to and from work so that he would be at work on a more timely basis due to his evening work at the Narka restaurant.  (Id. ¶ 10).

7.  On the date of accident, Loren Head informed David Walthers that another vehicle he owned that was normally operated by his wife needed repairs, including, but not limited to repairs for headlights.  He asked for permission to repair his truck.  Walthers, on behalf of Oil Company consented to and permitted him to use the company Ford Ranger to pick up parts for his personal

vehicle and knew of and permitted him to travel to Narka in Oil Company's vehicle.  (Id. ¶ 11).

8.  When Head and Burns left the Cuba office of Oil Company, they left in the Ford Ranger in the presence of David Walthers, Debbie Beem, and Marjorie Walthers.  These officers, owners, shareholders, and employees of Oil Company had the capability to tell Head he could not use the Ford Ranger to go to Narka since all were present when he left from the business property.  (Id. ¶ 12).

9.  At the time of the accident Head was operating an Oil Company fleet motor vehicle with the knowledge and consent of David Walthers and Oil Company.  (Id. ¶ 35).

10.  Head had a habit and custom of jokingly swerving to the left. It is unknown whether at the time of the accident he jokingly swerved into the path of the Popelka vehicle. It is known that he negligently and carelessly failed to maintain the vehicle he was driving on the right side of the traveled highway.  (Id. ¶ 13).

11.  Head's prior habit and custom to swerve jokingly was known by David Walthers and Oil Company.  This knowledge is based upon deposition testimony of an Oil Company employee, Randy Swiercinsky.  Swiercinsky testified that approximately a year before this accident, Head, on more than one occasion, had swerved at him and he felt this to be dangerous.  Swiercinsky warned the President of Oil Company about this dangerous habit and custom.  Regardless of the warning the President of Oil Company, David Walthers and the Oil Company continued to allow him to operate company vehicles including, but not limited to the vehicle involved in this accident.  (Id. ¶ 14).

12.  The defendant Head was hired, qualified, and trained in Kansas by Oil Company. (Id. ¶ 36).

3

13.  The Ford Ranger was in a poor state of repair due to the fact that the vehicle did not need a key to start the ignition.  According to Swiercinsky, the Ford Ranger was in this condition for several years prior to the accident.  (Id. ¶ 17).  All repairs and maintenance on the Ford Ranger were performed by David Walthers and Head.  (Id. ¶ 21).  Plaintiff alleges that poor maintenance caused him injury.

14.  Oil Company and David Walthers failed to secure any keys in a locked area where access to the keys would be secured and enforced.  Oil Company uses a lock box system to secure its keys in other locations like in Concordia, but has independently chosen not to use a secured lockbox security measure in Cuba, Kansas where the subject truck is located.  (Id. ¶ 18).

## II.  Standards

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard that applies to a Rule 12(b)(6) motion.  *Society of Separationists v. Pleasant Grove City,* 416 F.3d 1239, 1240-1241 (10th Cir. 2005); *Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002).

"A motion to dismiss is appropriate when the plaintiff can prove no set of facts in support of the claims that would entitle plaintiff to relief."  *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State School for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).  Furthermore, all well-pleaded factual allegations in the complaint are accepted as true

and viewed in the light most favorable to the nonmoving party.  *Robbins v. Wilkie,* 300 F.3d 1208, 1210-1211 (10th Cir. 2002).  Generally a Court does not look beyond the face of a complaint when analyzing a Rule 12(b)(6) motion.  *Macarthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2001).

<u>III.  Analysis.</u>

Defendant argues Plaintiff's claims of negligence must be dismissed because he is a corporate officer, did not personally employ Plaintiff, and was not involved in any negligence.

> A master or other principal may be liable for harm caused to a third person by the conduct of servants or other agents because of rules imposing liability upon persons for the behavior of those acting for them.  On the other hand, *he may be liable because he has been personally guilty of wrongful conduct...because he is personally negligent*, as where he fails to exercise reasonable care in employing careful and competent servants for the performance of dangerous work, or *fails to exercise the control which his position as master or principal gives him over their actions.*

Restatement (Second) Agency, Ch. 7 note (1958) (emphasis added).

Kansas law is consistent with the restatement, as officers of a corporation can be liable for their own negligence.  *Kerns By and Through Kerns v. G.A.C., Inc*., 255 Kan. 264, 274, 875 P.2d 949 (1994) (citing *McFeeters v. Renollet*, 210 Kan. 158, 161, 500 P.2d 47 (1972)).

To establish negligence, "a plaintiff must prove the existence of a duty, a breach of that duty, an injury, and proximate cause, that is, a causal connection between the duty breached and the injury suffered."  *Williamson v. City of Hays*, 275 Kan. 300, 311, 64 P.3d 364 (2003).  "In Kansas negligence is never presumed."  *Schmidt v. HTG, Inc.*, 265 Kan. 372, 382, 961 P.2d 677 (1998).

"Whether a duty exists is a question of law."  *Calwell v. Hassan*, 260 Kan. 769, 777, 925 P.2d 422 (1996).  "As a general rule, in the absence of a special relationship, there is no duty on a person to control the conduct of a third person to prevent harm to others."  *Id.* at 778 (internal quotations omitted); see also Restatement (Second) Torts, § 315 (1965).

5

There are some exceptions to this rule.  A duty may arise when a special relationship exists between the person and the individual whose conduct caused the harm or between the person and the individual harmed.  Restatement (Second) Torts, § 315(a), (b) (1965).  A third exception is defined by section 308 of the Restatement, which states, "[i]t is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."  Restatement (Second) Torts, § 308 (1965); see *Nichols v. Atnip*, 844 S.W. 2d 655, 661 (Tenn. App. 1992) (describing duty to third persons and the restatements).  Section 308 has been used by Kansas courts to support negligent entrustment actions.  *Snodgrass v. Baumgart*, 25 Kan. App. 2d 812, 815-816 974 P.2d 604 (1999); see also Restatement (Second) Torts, § 390(1965) (negligent entrustment).

Head allegedly asked for and received permission to use Oil Company's vehicle from David Walthers despite Defendants' knowledge of Head's bad driving habits.  The facts also allege that Head was supervised by Walthers.  While Walthers did not own the vehicle or personally employ Head, section 308 does not require these to establish a duty.  See *Snodgrass*, 25 Kan. App. 2d at 815-816 (superior right of control, not ownership, is key to liability under negligent entrustment).  Plaintiff's negligent entrustment and negligent supervision causes of action will not be dismissed as Defendant owed a duty to third parties because he had control over the vehicle and Head's activities.  See *Lahey v. Benjou*, 759 P.2d 855, 856 (1988) (negligent supervision and negligent entrustment can overlap when the gist of both torts is knowledge of potential for harm to others and the ability to control); see *Marquis v. State Farm Fire and Cas. Co.*, 265 Kan. 317, 331, 961 P.2d 1213 (1998) (defining negligent supervision).

Plaintiff also alleges there is liability based on theories of negligent hiring and retention.

6

Defendant argues these theories of liability are unavailable to Plaintiff because Walthers was not Head's employer.

"A master may be liable for injuries to a third person which are the direct result of the incompetence or unfitness of his servant where the master was negligent in employing the servant or in retaining him in employment when the master knew or should have known of such incompetence or unfitness of the servant." *Plains Resources, Inc. v. Gable*, 235 Kan. 580, 591, 682 P.2d 653 (1984) (quoting *Balin v. Lysle Rishel post No. 68*, 177 Kan. 520, 280 P.2d 623 (1955)).

Plaintiff's negligent hiring and retention claims against David Walthers fail because he has not alleged facts showing Walthers made any employment related decisions. Plaintiff's complaint alleges Oil Company hired Head to work as a mechanic. (Doc. 1 ¶¶ 23, 36). While Walthers supervised Head, there cannot be liability for negligent retention and hiring when there are no facts showing Walthers was involved in the hiring and firing of Oil Company's employees. See *Kerns*, 255 Kan. at 274 (an officer of a corporation is not liable for torts committed by the corporation unless the officer commits or participates in the tort).

Defendant next argues that Plaintiff's claims relying on the doctrine of respondeat superior must be dismissed because David Walthers did not individually employ Head. Defendant's argument is unpersuasive. The doctrine of respondeat superior in not limited to employer/employee relationships; rather, it applies to all principal/agent relationships.[1] *Jacobson v. Parrill,* 186 Kan. 467, 472-473, 351 P.2d 194 (1960).

In *Jacobson*, the defendant was the owner of a car who had requested a co-worker drive

---

[1] A principal "is a word used to describe a person who has authorized another to act on his account and subject to his control." Restatement (Second) Agency, § 1 cmt. d (1958); see also Id. § 2 (defining master).

because he felt sleepy. *Id.* at 468. The co-worker negligently drove the car and caused an injury to a third party. *Id.* Despite the absence of an employment relationship, the Court found, *inter alia*, that the doctrine of respondeat superior applied and the negligence of the agent driver was imputed to the principal. *Id.* at 472-473.

Similar to *Jacobson*, there is no employment relationship, as David Walthers did not personally employ Head. However, Walthers did supervise and control Head's actions. As a result, Walthers was a principal and Head was his agent and the doctrine of respondeat superior does apply. Dismissal of Plaintiff's claims against David Walthers based on this doctrine is denied.

In his reply brief, Defendant makes a one sentence argument for the dismissal of the negligent maintenance claim and does not address the negligent security claim. The Court will not consider "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten,* 377 F.3d 1134, 1145 (10th Cir. 2004) (quoting *Murrell v. Shalala*, 43 F.3d 1388, 1390 n. 2 (10th Cir. 1994)). As a result, dismissal of these claims is inappropriate.

It is ORDERED that Defendant David D. Walthers' motion for judgment on the pleadings (Doc. 6) be GRANTED in part and DENIED in part. Plaintiff's negligent hiring and retention claims against David D. Walthers are dismissed. The Court does not dismiss Plaintiff's remaining claims against David D. Walthers.

SO ORDERED this 4th day of January 2007.

 s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge

8